IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD DWAYNE WHITFIELD § | | |
|     TDCJ-CID#623668 § | | |
| V. § | | C.A. NO. C-06-42 |
| § | | |
| TEXAS BOARD OF CRIMINAL JUSTICE, § | | |
| ET AL. § | | |

**ORDER TREATING MOTION FOR TRO AND PRELIMINARY INJUNCTION
AS A MOTION FOR PERMISSION TO FILE SUIT AND ORDER FOR
ATTORNEY GENERAL TO FILE *MARTINEZ REPORT*__**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for a temporary restraining order and for a preliminary injunction (D.E. 2). The motion was referred to undersigned United States Magistrate Judge. Whitfield is a contumacious litigator and his conduct has garnered three strikes under 28 U.S.C. § 1915(g),[1] monetary sanctions and a restriction requiring him to seek judicial permission before filing.

**I.    PLAINTIFF'S LITIGATION HISTORY**

Whitfield is an abusive litigant who has accumulated three strikes under 28 U.S.C. § 1915(g). See, e.g., In re Ronald Dwayne Whitfield, No. 00-00054 (5th Cir.) (Oct. 24, 2000 Order) (citing Whitfield v. Klevenhagen, No. 94-20113 (5th Cir. May 19, 1994); Whitfield v. TDCJ Officials, No. 93-7672 (5th Cir. March 22, 1994); Whitfield v. Sgt. Mitchell, No. 93-1566 (5th Cir. Aug 18,

---

[1] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1993)). A recent review of Whitfield's litigation history shows that he has filed more than sixty civil actions in federal district court.

Whitfield's conduct has also resulted in repeated and significant monetary sanctions. See, e.g., In re Ronald Whitfield, No. 97-00454 (5th Cir. Oct. 30, 1997) ($100); Whitfield v. Johnson, No. 4:94-2767 (S.D. Tex.) (March 5, 2001 Order Striking Pleadings and May 15, 2000 Order Striking Pleadings and Imposing Sanction) ($750); Whitfield v. Ott, No. 4:00-cv-2367 (S.D. Tex.) (July 17, 2000 Order) ($200); Whitfield v. Johnson, No. 4:97-3148 (S.D. Tex.) (April 23, 1999 Order on Motion) ($200); Whitfield v. Webb, No. 4:94-cv-4194 (S.D. Tex.) (Sept. 20, 1996 Order) ($25); Whitfield v. Collins, No. 4:94-cv-2630 (S.D. Tex.) (Jan. 9, 1996 Order) ($50); Whitfield v. State of Texas, et al., No. 95-cv-091 (W.D. Tex.) (May 9, 1995 Order) ($120); Whitfield v. State of Texas, et al., No. 1:95-cv-023 (N.D. Tex.) (Feb. 13, 1995 Order) ($250 total). The docket sheets of each of these cases do not indicate that any of the foregoing sanctions have been paid.

Additionally, Whitfield is barred from filing *pro se* pleadings without first seeking judicial permission. See e.g., In re Ronald Whitfield, No. 97-00454 (5th Cir.) (Oct. 7, 1997 Order); Whitfield v. Prasifka, et al., No. 2:03-cv-001 (S.D. Tex.) (Feb. 13, 2003 Order); Whitfield v. Cockrell, No. 4:02-cv-4218 (S.D. Tex.) (Dec. 12, 2002 Memorandum and Order); Whitfield v. Johnson, No. 4:94-cv-2767 (S.D. Tex.) (Mar. 5, 2001 Order Striking Pleadings); Whitfield v. Johnson, No. 4:97-cv-3148 (S.D. Tex.) (Oct. 30, 1997 Order of Dismissal). Indeed, due to repeated abuses, Whitfield has been barred from filing petitions for certiorari or for extraordinary writs in noncriminal matters without paying the docketing fee. Whitfield v. Texas, 527 U.S. 885 (1999).

The Fifth Circuit has held that a district court may enforce the sanction order of another district court. Balawajder v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam), cert. denied, 526 U.S. 1157 (1999). In Balawajder, the Fifth Circuit found no abuse of discretion by a district court's

dismissal of an action where sanctions imposed by other courts remained unpaid and where the prisoner was required to seek judicial permission before filing. Id.

## II.     ALLEGATIONS IN PLAINTIFF'S MOTION

In plaintiff's motion he appears to be making two claims. He first challenges his conviction as unconstitutional. Plaintiff's challenge to his conviction is the type of challenge that Whitfield has been barred from pursuing without first paying all sanctions and then obtaining permission to proceed. Plaintiff has offered no reason or authority which would support excusing him from complying with previous court orders as to this claim.

Plaintiff's second claim is that he was not told that in 1998 he tested positive for Hepatitis C.[2] He learned this inadvertently in the summer of 2005. He contends that if he has Hepatitis C, he should be receiving treatment for it. He further claims that TDCJ-CID is intentionally denying him treatment because the agency refuses to pay the cost of the expensive treatment. In a telephone conference hearing on February 1, 2006, Whitfield stated he was tested again in October 2005 for Hepatitis C. He has not been made aware of the test results, and claims he is still not receiving any treatment.

Plaintiff's claim that he has an infectious disease for which TDCJ-CID is refusing treatment, if true, could threaten plaintiff's long term health. Plaintiff's medical claim and claim for injunctive relief will be treated as a motion for permission to file suit.

---

[2] A viral disease caused by the hepatitis C virus. Dorland's Illustrated Medical Dictionary, 28th Ed. (1994).

**III.     ORDER TO FILE *MARTINEZ* REPORT**

Before making a recommendation to the District Court about whether plaintiff should be permitted to go forward with his medical claim, a report on plaintiff's medical condition is necessary. Accordingly, the Attorney General, in his *amicus* capacity, shall file a *Martinez*[1] report. The report shall include an affidavit prepared by a physician and address the following questions:

1.     What is the general state of the plaintiff's health?

2.     Was plaintiff tested for Hepatits C? If so, when? (please list all test dates). What were the results of the Hepatitis C screen? Please attach a copy of all test results.

3.     If the test for Hepatitis C was positive, what is the treatment? Is plaintiff receiving the treatment? If not why not?

The Clerk shall forward to Ed Durboch, Deputy Attorney General, Civil Litigation Division, Post Office Box 12548, Austin, Texas 78711, a copy of this order, and a copy of plaintiff's motion for preliminary injunction (D.E. 2). The *Martinez* report shall be filed within thirty days of the date of this order.

ORDERED this 3rd day of February, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] A *Martinez* report is a judicially authorized investigative report prepared by prison officials to assist the court in screening allegations in prisoner lawsuits. *Simkins v. Bruce*, 406 F.3d 1239, 1240 n. 2 (10th Cir. 2005); *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).