IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD DWAYNE WHITFIELD § | | |
|     TDCJ-CID #683064 § | | |
| § | | |
| V. § | | C.A. NO. C-06-042 |
| § | | |
| TEXAS BOARD OF CRIMINAL JUSTICE § | | |

**MEMORANDUM AND RECOMMENDATION TO DENY PERMISSION
TO FILE AND TO DISMISS ACTION**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Divisions (TDCJ-CID), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He is also an abusive litigant as that term is defined in 28 U.S.C. § 1915(g), having had three or more actions or appeals dismissed as frivolous or for failure to state a claim.[1] As a consequence, plaintiff has lost the privilege of proceeding *in forma pauperis* ("i.f.p.") unless he is under imminent danger of physical harm. Plaintiff is also prohibited from filing any lawsuits in federal court until he has paid all monetary sanctions and obtained judicial permission before filing suit (see D.E. 3).

On August 31, 2005, plaintiff filed a pleading seeking immediate injunctive relief arguing that he *may* be suffering from Hepatitis C and alleging that TDCJ-CID officials were denying him treatment. See D.E. 2. His pleading was construed as a motion for permission to file suit, and the Attorney General of the State of Texas, *amicus curiae*, was instructed to file a Martinez[2] report.

---

[1] See Whitfield v. Lanier, No. 94-20069 (5th Cir. Mar. 2, 1994) (unpublished) ; Whitfield v. Klevenhagen, No. 94-20068 (5th Cir. Mar. 2, 1994) (unpublished) ; Whitfield v. Sergeant Mitchell, No 93-1566 (5th Cir. Aug. 18, 1993) (unpublished). Plaintiff has also been sanctioned repeatedly and has had numerous actions dismissed due to his three-strikes status. See e.g. Whitfield v. Johnson, 4:94cv2767 (S.D. Tex. May 15, 2000) (sanctioned $750 for his "unregenerate abuse of the judicial system..."; Whitfield v. Cockrell, 4:02cv4218 (S.D. Tex. Dec. 12, 2002) (plaintiff is barred from future filings and the clerk is instructed to return future submissions in envelope marked "Frivolous Filer, Return to Sender").

[2] Martinez v. Aaron, 570 F,2d 317(10 Cir. 1978). The Fifth Circuit has cited with approval the procedure authorized by the Tenth Circuit in Martinez of requiring prison officials to investigate facts and

(D.E. 3). On April 5, 2006, the Attorney General filed its report (D.E. 13), and on April 14, 2006, plaintiff filed a response. (D.E. 14).

## Discussion

**A.     Plaintiff's medical records.**

The basis for plaintiff's claim for immediate injunctive relief was that he *might* have Hepatitis C and that he was not receiving treatment. Portions of plaintiff's medical records have been reviewed by Dr. Maximiliano J. Herrera, the Medical Director for the University of Texas, Correctional Managed Care, San Antonio District. See D.E. 13, Ex. A. In his affidavit, Dr. Herrera states that plaintiff's medical records erroneously labeled him as positive for Hepatitis C. He explains:

> Said review of Offender Whitfield's medical records reveal that he erroneously has been labeled Hepatitis C positive. On his past medical history paragraph, it states that he was found to be Hepatitis C positive on 4-17-1998; however, a copy of his hepatitis profile of 4-17-1998 clearly reports that he is Hepatitis C negative.

See D.E. 13, Ex. A, Herrera Aff't at ¶ 4. Dr. Herrera explains that on April 17, 1998, plaintiff did in fact test positive for Hepatitis B, and that this might have lead to the mislabeling. Id. at ¶¶ 6-7. Regarding plaintiff's Hepatitis B, further testing revealed no activity of that virus. Id.

Dr. Herrera opines that plaintiff's general health is good with the exception of paranoid schizophrenia. Id. at ¶ 5.

Plaintiff objects to Dr. Herrera's conclusion that he never had Hepatitis C, stating that he has failed to support his conclusion with facts. See D.E. 14, at 8. However, a copy of plaintiff's April 17, 1998 lab results from Quest Diagnostics is attached to Dr. Herrera's affidavit. See D.E. 13, Ex

---

construct an administrative record to enable the trial court to make a determination of frivolity. Parker v. Carpenter, F.2d 190, 192 n. 2 (5th Cir. 1993).

A.  Under the section "Hep Profile IV," it reads: "Hep. C. Antibody  NEGATIVE."  Thus, Dr. Herrera has presented evidence establishing that plaintiff does not have Hepatitis C.

Further, there is no evidence in plaintiff's medical records that he has presented to the infirmary complaining of symptoms that would cause the medical staff to suspect that he might be suffering from Hepatitis C.  See D.E. 13, Ex. B.  Nothing in plaintiff's medical record suggests that he previously suffered from, or currently suffers from Hepatitis C.

**B.     Permission to file suit.**

Nothing in plaintiff's medical records corroborates his claim that he is Hepatitis C positive and is not receiving proper medical care.  In fact, to the contrary, his medical records show that he is frequently seen in the infirmary and at cell side when requested.  D.E. 13, Ex. B.  He receives psychiatric care and medication. Id.  Ironically, it is plaintiff who has refused medical treatment on numerous occasions.  Id.  Medical records of sick calls, examinations, diagnoses and medications can rebut an inmate's allegations of deliberate indifference.  See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995).  The record here refutes plaintiff's claim that he has been denied medical treatment because first, he does not have Hepatitis C, and second, he receives appropriate medical care.

There is no evidence plaintiff is in imminent danger of physical injury.  There is no indication that plaintiff is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions.  Accordingly, it respectfully recommended that plaintiff's motion for permission to file suit (D.E. 2, D.E. 5-2) be DENIED, and

this action be dismissed without prejudice. It is further recommended that all pending motions[3] be denied as moot.

Respectfully submitted this 21st day of April, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

---

[3]Motion for a preliminary injunction (D.E. 2-2), motion for a temporary restraining order (D.E. 2-3), motions for order to show cause (D.E. 4, 5-1), motion for release from custody (D.E. 8), motion for prompt disposition of current motions, etc. (D.E. 9), motion to dismiss (D.E. 12).