UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RONALD DWAYNE WHITFIELD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:06-CV-42 |
| § | |
| TEXAS BOARD OF CRIMINAL § | |
| JUSTICE, § | |
| § | |
| Defendant. § | |

## ORDER STRIKING PLEADING FROM THE RECORD FOR FAILURE TO OBTAIN PERMISSION TO FILE IT

Final judgment was entered on November 6, 2006, denying Whitfield's application for leave to proceed *in forma pauperis* (D.E. 30). His appeal was denied for want of prosecution (D.E. 32). Almost nine years later, on May 27, 2015, Whitfield filed a motion for rehearing of the final judgment claiming, without citing any valid authority, that the judgment was void (D.E. 33).

Whitfield's history as an abusive and frequently sanctioned litigant barred from filing actions by the PLRA's three strikes provision, 28 U.S.C. § 1915(g), is well documented in this court and other federal courts in PACER, the electronic filing database, and on the three strikes list maintained by the Clerk in the Eastern District of Texas, and will not be repeated here. In *Whitfield v. Cockrell*, No. 4:02cv4218, because Whitfield had not paid the sanctions imposed by other courts and the Fifth Circuit Court of Appeals, United States District Judge Sim Lake barred Whitfield from filing *any* further pleadings in this *or any other civil action* unless he obtained advance written

permission from a United States District or Magistrate Judge or Court of Appeals Judge before filing any pleading. The Clerk was directed to return all future submissions to Whitfield in an envelope marked "FRIVOLOUS FILER, RETURN TO SENDER" (4:02CV4218 at D.E. 3). A $100 sanction was imposed by the Fifth Circuit in *In re Whitfield*, No. 97-00454 (5th Cir. Oct. 30, 1997), a $750 sanction was imposed by the District Court in Houston in *Whitfield v. Johnson,* No. 4:94cv2767 (S.D. Tex. March 5, 2001), and a $200 sanction was imposed by a Houston District Judge in *Whitfield v. Ott*, No. 4:00cv2367 (S.D. Tex. July 17, 2000), just to name a few. According to the Clerk, none of the sanctions has been paid.

The Fifth Circuit has held that a district court may enforce the sanction order of another district court. *Balawaider v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999). Whitfield failed to seek or obtain permission to file his pleading, and failed to pay the sanctions imposed. Accordingly, the Clerk shall *strike* Whitfield's pleading (D.E. 33) from the record, and it will not be considered.

ORDERED this 9th day of June, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE